

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-1571

———

SHU FANG LIN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A97-744-833)
Immigration Judge:  Hon. Alberto J. Riefkohl

———

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2007

Before: SLOVITER and AMBRO, Circuit Judges,
POLLAK,* District Judge

(Opinion filed   April 10, 2007)

———

OPINION

———

_____

    * Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

POLLAK, <u>District Judge</u>

Shu Fang Lin petitions for review of a Board of Immigration Appeals (BIA) decision adopting and affirming an order of an Immigration Judge (IJ) that denied her applications for asylum and withholding of removal. We will deny the petition.

I. Factual and Procedural Background

Because we write primarily for the parties, we summarize only the essential facts. Lin, a twenty-six year old native and citizen of the People's Republic of China, entered the United States without inspection on or about January 14, 2004. In a motion filed with the Immigration Court on February 13, 2004, she admitted these allegations, establishing the basis for her removability. A.R. 155.

Lin petitioned for asylum and withholding of removal based on persecution she allegedly suffered as a result of her practice of Falun Gong. At an evidentiary hearing before the IJ on December 6, 2004, Lin testified that she began to practice Falun Gong in May of 2003 and, shortly thereafter, started to distribute informational flyers about the organization. She further testified that, on September 25, 2003, the police caught her distributing flyers, arrested her, and took her into custody. According to Lin, she was released three days later, after her parents paid money to the authorities and she signed a statement agreeing to stop practicing Falun Gong. In addition to her testimony, Lin presented the IJ with her resident identification card, household registration documents for her family, and a copy of her Application for Asylum and for Withholding of Removal

2

form ("I-589").  After considering Lin's evidence, the IJ concluded that she had "deliberately . . . lied to the Court, both in her written application and in her oral testimony." A.R. 45.  Accordingly, the IJ denied her petition for relief.  The BIA determined that the "record supports the Immigration Judge's finding" and, accordingly, affirmed. *Id.* at 3.

## II. Discussion

We review the BIA's decision pursuant to 8 U.S.C. § 1252(a)(1).  Because the BIA substantially relied upon the adverse credibility finding of the IJ, we also review the IJ's opinion. *Shah v. Att'y Gen.*, 446 F.3d 429, 434 (3d Cir. 2006).  Adverse credibility determinations are reviewed for substantial evidence. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).  Under this standard, we will uphold the adverse credibility determinations made by the IJ and BIA unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In upholding the IJ's adverse credibility determination, the BIA observed that the IJ's finding "was based on at least five incidents of inconsistency in [Lin's] submitted evidence, her demeanor, and a finding of implausibility." A.R. 3.  As the IJ noted, "in her oral testimony, [Lin] has deviated quite often from" the statements she made in her application for asylum. *Id.* at 39.  For example, Lin's asylum application stated that, following the September 25, 2003 incident, Lin had been dismissed from the factory where she was working and could not find another job after that. *Id.* at 105 (asylum

3

application).  However, at the December 6, 2004 hearing, Lin first testified that she had quit work voluntarily in 2002, *id.* at 75, 88; but then, in answer to the IJ's question about the statement she made in her asylum application, reiterated her claim that she had been dismissed from work after the police notified her employer of her arrest, *id.* at 89-90.  The IJ also noted several other inconsistencies in Lin's testimony at the December 6, 2004 hearing.  For instance, Lin at first testified that she had, in July of 2004, asked her parents for a statement indicating that they had paid money to have her released from jail, *id.* at 71, and that her parents told her they had sent such a statement to her, *id.* at 73.  However, in answer to the IJ's question about why this letter did not arrive along with the other documents that Lin's family had sent from China, Lin stated that she had asked her parents for such a letter but "[t]hey said that they didn't know how to write it." *Id.* at 92.

We have previously observed that an IJ may base an adverse credibility finding on inconsistencies in the applicant's testimony if those discrepancies "involve the heart of the asylum claim." *Gao*, 299 F.3d at 272 (internal quotation marks omitted).  Because the September 25, 2003 arrest and detention constitute the only specific incident of persecution that Lin has presented in support of her asylum claim, the inconsistencies in Lin's testimony about (1) the consequences of her arrest and (2) her attempts to obtain corroborating evidence from her parents would seem to go to the heart of Lin's asylum claim.

We also note the IJ's comment that Lin "has given the impression to the Court that

4

she is adjusting her communications with the Court as the questions are being posed to her." *Id.* at 39. We have previously observed that adverse credibility findings based on an asylum petitioner's demeanor are entitled to "an even greater degree of deference" than those based on discrepancies in the record, *Dia v. Ashcroft*, 353 F.3d 228, 252 & n.23 (3d Cir. 2003) (en banc), given that "an Immigration Judge is in the unique position to observe the testimony of an alien," *id.* at 253 n.23 (citing *In re A-S-* (Interim Decision), 21 I. & N. Dec. 1106, 1998 WL 99553 (BIA 1998)). During the course of the December 6, 2004 hearing, the IJ commented at several points that Lin seemed to be giving non-spontaneous answers. *See, e.g.,* A.R. 78 (noting that Lin "thinks a lot between questions"); *id.* at 79-80 (same); *id.* 90 (noting, for comparison, when Lin's testimony seemed "spontaneous"). Accordingly, the IJ concluded that, "[i]n general, [Lin] has demonstrated a tendency of extreme hesitation between the questions which has prompted the Court to raise serious doubts as to whether the statements provided to the Court are accurate or not." *Id.* at 43.

In view of the inconsistencies in Lin's evidence and her demeanor before the Immigration Court, a reasonable adjudicator could well find that Lin was not a credible witness. Accordingly, we conclude that the BIA and IJ's adverse credibility determinations were supported by substantial evidence. We will therefore deny the petition for review.